DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KATHERINE M. LLOYD-LOVETT (CABN 276256)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Katherine.lloyd-lovett@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-00265 YGR |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| STEVEN CARRILLO and ROBERT ALVIN JUSTUS, JR., | |
| Defendants. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendants are charged with violations of 18 U.S.C. §§ 1114(1), 1114(3), 1111, and 2(a). Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendants and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

    1. Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business

STIPULATED PROTECTIVE ORDER
20-CR-00265 YGR

    address, telephone numbers, email addresses, driver's license number, professional license

    number, family members names, or criminal histories ("Personal Identifying Information");

  2. Financial information of any individual or business, including without limitation bank

    account numbers, credit or debit card numbers, account passwords, contact information, and

    taxpayer identification numbers ("Financial Information"); and

  3. Medical records or other patient information of any individual covered by the Health

    Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the government, but shall not provide a defendant with copies of, permit defendant to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to work together to ensure that these materials are protected, but that defendant has as much access to the materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, medical records, telephone records, and business records) may be provided to that defendant unredacted.

  Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

  The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

  This Order shall also apply to any copies made of any materials covered by this Order.

  **IT IS FURTHER ORDERED** that neither a defendant nor any member of the defense team

STIPULATED PROTECTIVE ORDER
20-CR-00265 YGR

shall provide any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. If a party files a pleading that references, contains, or attaches Protected Information subject to this Order, that filing must be under seal.[1]

**IT IS FURTHER ORDERED** that at the conclusion of proceedings before this Court, defense counsel may retain one original set of discovery material in his or her files, including Protected Information, and notated copies.  In the event new counsel is appointed or retained for purposes of appeal or other post-conviction proceedings, defense counsel may provide a copy of the original discovery materials to new counsel only if that subsequent counsel agrees in writing to be bound by the same terms provided by this Protective Order, and agrees in writing that this Court will have jurisdiction to review any alleged violation of the terms of this Protective Order by subsequent counsel.  Defense counsel shall return to the United States or destroy duplicate copies of discovery materials, including Protected Information, fourteen calendar days after any one of the following events, whichever is latest in time, occurs: dismissal of all charges against defendant; defendant's acquittal by court or jury; or the conclusion of any direct appeal.

Counsel for the defendants, within fourteen calendar days of the conclusion of the above captioned proceedings before the District Court, shall retrieve all copies made of all Protected Information provided to anyone pursuant to this order.  Counsel may retain one original set of discovery material, including notated copies, as set forth above, but shall destroy all other copies.  By the same time, counsel for the defendants shall also file under seal and ex parte a log of any copies made and/or provided to individuals, which log shall identify by Bates stamp number and/or Bates CD/DVD number the document(s) copied and the person(s) provided to for each copy made.  The United States shall have no access to this log without further order of the Court.  By the same time, counsel for the defendants shall also file a sworn declaration that counsel has complied with the terms of this order.  If the

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

STIPULATED PROTECTIVE ORDER
20-CR-00265 YGR

defendants believe that any of these materials must be released to substitute counsel or appellate counsel for defendants, the defendant(s) must provide notice to the U.S. Attorney's Office and the District Court prior to releasing the materials.

**IT IS SO STIPULATED.**

Dated: July 6, 2020

   /s/
DAVID L. ANDERSON
United States Attorney

   /s/
JAMES THOMSON
Counsel for Defendant STEVEN CARRILLO

   /s/
SHAFFY MOEEL
RICHARD NOVAK
Counsel for Defendant ROBERT ALVIN JUSTUS, JR.

**IT IS SO ORDERED.**

Dated:

HON. YVONNE GONZALEZ ROGERS
United States District Judge

STIPULATED PROTECTIVE ORDER
20-CR-00265 YGR