# ATTACHMENT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-02719-001-TUC-RCC (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| Ryan Phillip Schlesinger, | |
| Defendant. | |

Before this Court is Defendant's Information in Support of Status Conference, which requests a delay of Defendant's local presentation of mitigating evidence to the U.S. Attorney's Office. (Doc. 83.) The Government opposes Defendant's request and challenges the Court's inherent authority to grant a delay. (Doc. 85.) Irrespective of the Court's inherent authority, the circumstances in this case strongly favor a delay.

***Authority to Delay Mitigation Evidence v. Control of the Court's Docket***

This Court is not sufficiently convinced that it has the inherent authority to enforce a Department of Justice ("DOJ") policy. Relevant case law is instructive; specifically, the course of action taken in *United States v. James*, a capital case in which the district court delayed the presentation of mitigation evidence for six months. 2019 U.S. Dist. LEXIS 57942 (D. Neb. Apr. 4, 2019). In permitting the delay, the *James* court noted the Defendant's age, history, and the case's complexity. *Id*. at *7. Weighing these factors, the *James* Court found that a six-month delay in the presentation of mitigating evidence was reasonable. *Id*. at *8. However, the *James* court found that it could not control when either party presented mitigating evidence to the DOJ, only to set dates for matters that occurred

within the judicial proceedings. *Id*. at *10. The court concluded it did not have the authority to determine when the presentation should occur, but did set a deadline to resolve the issue of whether the government would seek the death penalty. *Id*. at *11.

The *James* Court's conclusion is one shared by other courts, including the Southern District of California. *United States v. McGill*, No. 09cr2856-IEG, 2010 WL 1571200 (S.D. Cal. Apr. 16, 2010) (giving a deadline to inform the court whether the government was seeking the death penalty).

In response, the Government asserts that the DOJ Justice Manual is not enforceable by courts. J.M. § 1-1.200. In the government's opinion, if this Court were to enforce the DOJ's policy, this Court would be violating separation of powers. In support of this proposition, the Government cites to *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000). *In Fernandez*, the district court entered an order that foreclosed the government from seeking the death penalty entirely because the government did not disclose internal memoranda pursuant to court-ordered discovery. *Id*. at 1242. On appeal, the Ninth Circuit found that DOJ policies did not create any rights for criminal defendants to serve as the basis for the district court's discovery order. *Id*. at 1246. While the Government's argument is persuasive, this Court is also aware of the Government's fluctuating view in this regard. Particularly the Government's position in *U.S. v. Bush*, a Kentucky capital case. 3:18-CR-00188-CHB. In *Bush*, the Government notes that courts have "inherent authority and broad discretion to stay proceedings on its docket for good cause." *Id*.; *see also Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010).

So, it appears that there is a distinction between the Court's authority to enforce DOJ policy for presenting mitigation evidence (which the Government challenges), and its authority to manage its docket (which the Government concedes is in this Court's discretion).

This Court is not convinced it has the inherent authority to enforce a DOJ policy. Therefore, the Court's thoughts are as follows. The incident occurred during November 2018. Substantial discovery was still outstanding at the April 2019 hearing and remains outstanding to date. For the United States Attorneys' Office to insist on a local presentation

- 2 -

by the end of October would be unfair, unjust, and a vast waste of time and resources, especially when so many issues are still outstanding, including discovery and recusal motions. The DOJ is clear; the purpose of the capital case review process is "to allow proper individualized consideration of the appropriate factors relevant to each case." DOJ Justice Manual § 9-10.030; *see James*, 2019 U.S. Dist. Lexis 57942, at *8 (If the DOJ's "Review Committee does not have a defendant's mitigation evidence, then it cannot consider all of the appropriate factors relevant to each case."). Furthermore, the Justice Manual provides that the Government "shall give counsel for the defendant a reasonable opportunity to present information for the consideration of the United States Attorney . . . which may bear on the decision whether to seek the death penalty." *Id*. at § 9-10.080.

The appropriate factors cannot be adequately considered when there is outstanding discovery and the possible recusal of local government counsel. Furthermore, the outstanding discovery prevents defendant from having a "reasonable opportunity to present" his mitigation evidence. The circumstances in this matter weigh against an expedited presentation. This Court believes that the schedule presented by the Defendant is a reasonable one that should be adopted by the local U.S. Attorney. In any event, the Court requires that it be notified of whether the Government's intends to seek the death penalty by July 1, 2020.

**Accordingly, IT IS HEREBY ORDERED THE GOVERNMENT SHALL NOTIFY THE COURT OF ITS INTENT TO SEEK THE DEATH PENALTY BY JULY 1, 2020.**

Dated this 12th day of September, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge