1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO.  20-cr-00265-YGR |
| Plaintiff**,** | **ORDER RE: MOTION TO COMPEL** |
| vs. | |
| **STEVEN CARRILLO AND ROBERT ALVIN JUSTUS, JR.,** | |
| Defendants**.** | |

Pending before this Court is a motion by defendant Robert A. Justus to Compel the United States Attorney to Give Counsel for the Defendant a Reasonable Opportunity to Present Information Which May Bear on the Decision Whether to Seek the Death Penalty.  ("Motion," Dkt. No. 38.)  After full briefing, the Court heard oral argument on October 28, 2020.  The United States opposes an affirmative order infringing on its prerogative as the prosecutor.  Co-defendant Steven Carrillo did not join the motion but did provide a reply to the government's opposition with his perspective.  (Dkt. No. 40.)

For the reasons set forth herein, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.  More specifically, the motion is denied to the extent it seeks the Court to compel the United States Attorney to act in a manner inconsistent with the separation of powers.  However, the Court **FINDS** that it is objectively unreasonable for the United States Attorney to demand that each defendant provide a mitigation response by November 12, 2020, and to that extent, the motion is granted.  The Court further **ORDERS** that in light of the death eligible allegations in the Indictment, the United States Marshal shall produce each defendant in person at a United States Courthouse in this District to ensure that counsel for each defendant has ***immediate and on-going***

in-person access to each defendant in an environment as COVID-safe as possible while the pandemic continues and operations at Santa Rita Jail prohibit contact visits.  Finally, the Court **ORDERS** the parties to meet and confer on a scheduling order as discussed herein which the Court will set at the next scheduling conference.

### BACKGROUND

The United States filed a complaint as to defendant Justus on June 15, 2020 and as to defendant Carrillo on June 16, 2020.  (Dkt. No. 1.)  Thereafter, a two-count Indictment was filed on June 25, 2020.  (Dkt. No. 12.)

On July 6 and 8, 2020, the Court issued its appointment orders, respectively, of Richard Novak and Shaffy Moeel for defendant Justus and of James Thompson for defendant Carrillo, both *nunc pro tunc* for any work done in advance.  (Dkt. Nos. 20, 22.)  On June 26, 2020, counsel Richard Novak appeared with defendant Justus when he pled not guilty to both counts.  On July 2, 2020, counsel James Thompson appeared with defendant Carrillo when he pled not guilty to both counts.  On September 1, 2020, the Court appointed capital counsel Kathryn Ross for defendant Carrillo.

Prior to the Indictment, beginning in March 2020, facilities throughout the Northern District of California closed down due to the COVID-19 pandemic.  This District issued several general orders which severely restricted operations and only began slowly reopening in June 2020.  Importantly, the defendants have been housed at Alameda County Santa Rita Jail which, due to the pandemic, ceased all contact visits.  As of the date of this Order, contact visits have not been reinstated and operations throughout the District remain limited, albeit not as restricted since October 2020 given that time has passed to put in place protections and the public is learning to operate safely.  In this regard, the District has now conducted a limited number of jury trials and judges are conducting in-person proceedings in the courtrooms.

According to defendant Justus, on July 30, 2020, the United States Attorney invoked the capital case protocol requesting:

//

//

. . . that counsel for Mr. Justus provide "your views on the United States' death-penalty position" no later than September 15, 2020, "so that I may provide my recommendations no later than September 28, 2020." On July 31, 2020, counsel for Mr. Justus informed counsel for the United States that the 45-day time frame proposed in their letter of July 30 "will preclude us from undertaking the type of investigation that is truly necessary before we can competently communicate to the government the mitigating factors that we believe the government should consider, as set forth in the capital case protocol at Title 9-10.080."

On August 17, 2020, counsel for the United States offered to postpone his self-imposed September 28, 2020 deadline to November 12, 2020. On September 2, 2020, counsel for Mr. Justus informed counsel for the United States that the modest extension of time he proposed "does not make a material difference in our ability to prepare for such a presentation under the circumstances of this case at this time." Thereafter, the parties met and conferred concerning the scheduling of the briefing of this motion and the responsive pleadings that will follow.

Motion at 4:27–5:14.

### MOTION TO COMPEL VERSUS SCHEDULING ORDER

The Court will not repeat the various arguments made by the parties with respect to the Court's authority to force or compel the United States Attorney to delay submission of his death recommendation to a date certain versus its authority to issue a scheduling order to manage this litigation. The separation of powers and the parameters of the Court's authority were well-stated in *United States v. McGill*, No. 09-CR-2856 (IEG), 2010 WL 1571200, at *1 (S.D. Cal. April 16, 2010). With respect to the decision to seek death:

[t]he Federal Death Penalty Act states that the death penalty may be sought for a capital offense whenever "the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified." 18 U.S.C. § 3593(a). However, according to the internal policies and procedures of the Department of Justice, commonly referred to as the "death penalty protocols," only the Attorney General can decide whether the government will seek the death penalty in any case. United States Attorney Manual ("U.S.A.M.") § 9-10.040. The protocols provide that, before the Attorney General decides whether to seek the death penalty, any potential capital case will be reviewed first by the local United States Attorney and then by the Attorney General's Capital Review Committee. U.S.A.M. § 9-10.050 and 9-10.120. The U.S. Attorney must give the defendant "a reasonable opportunity to present any facts, including any mitigating factors, for consideration. . . ." *Id.* § 9-10.050. Defendant is similarly provided the opportunity to bring mitigating evidence to the attention of the Capital Review Committee before it makes its own recommendation. *Id.* § 9-10.120.

United States District Court
Northern District of California

3

*Id.* Frequently, the parties can agree on a schedule. However, it is not uncommon for the government's decision whether to pursue death to be significantly delayed causing problems regarding docket management and impacting defendant's speedy trial rights which has led courts to be more proactive. As the *McGill* court noted, and to address this issue of government delay:

> [i]n September of 2007, the Judicial Conference of the United States approved a Criminal Justice Act Guideline, developed jointly by Department of Justice staff and defender services representatives, which recommends that the trial court establish a schedule for resolution of whether the government will seek the death penalty. Guide to Judiciary Policy, Vol. 7, Pt. A, Ch. 6, § 670. Pursuant to these guidelines, courts routinely enter scheduling orders designed to avoid undue delay attributable to the Attorney General's consideration of whether to seek the death penalty. Courts routinely establish an outside date by which (1) the defendant must present evidence to the United States Attorney as to why the government should not seek the death penalty, (2) the United States Attorney must make a recommendation to the Department of Justice, and (3) the government must file its notice under 18 U.S C. § 3593(a) that it will seek the death penalty or notify the court and defendant that it will not. Because any delay by the Attorney General in making the decision whether to seek the death penalty would impact the trial date, the government cannot argue that the trial court lacks authority to enter such a scheduling order to further the "speedy and orderly administration of justice."

*Id.* at *3. No one disputes that the Court "unquestionably has the authority to issue scheduling orders designed to manage its docket. *United States v. Grace*, 526 F.3d 499, 509 (9th Cir. 2008). "[T]he district court is charged with effectuating the speedy and orderly administration of justice." *Id.* at 508. To that end, the Court may enter pretrial case management orders "designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *Id.* at 509.

Here, the issue is not speed or government delay, but rather the "orderly administration of justice." As in *McGill*, the "government has not shown how a brief delay in the defendant's presentation of mitigation evidence to the U.S. Attorney will hinder its ability to carry out its prosecutorial function." *See McGill*, 2010 WL 1571200, at *4. The parties have provided myriad views on the appropriate length of time needed to prepare a proper mitigation response and have shown how an artificial rush may backfire upon appeal. While the Court is not inclined at this juncture to resolve the minutia of the various counterpoints, it is certain that a November 12, 2020

United States District Court
Northern District of California

deadline given the current pandemic is objectively unreasonable.[1]  None of the examples provided by the government included timelines wherein counsel were unable to have contact visits with their client due to a pandemic or any other comparable reason.  Nor has the government provided any other persuasive reason for the November deadline.  Accordingly, the Court finds the November 12, 2020 deadline objectively unreasonable.

That said, the Court agrees with the government that an indefinite delay is also unreasonable.  Sectors across our country are opening and operating with safety protocols.  The courts and the criminal justice arena are no exception.  The Court understands both that in a pandemic proceeding with in-custody defendants presents unique risks and challenges and that given the nature of the allegations in the Indictment, these defendants present high security risks.  Thus, to ensure that the administration of justice proceeds in an orderly and reasonable manner, the Court issues the following additional orders:

The Court **ORDERS** the United States Marshal to produce each defendant to a United States courthouse in this District so that each can meet in person with one or both of their defense lawyers as frequently as necessary to ensure that counsel for each defendant are proceeding as expeditiously as possible to prepare their submission to the United States Attorney with information bearing on the decision whether to seek the death penalty.  The clerk of the court shall work with the United States Marshal to find a suitable location for the meetings to occur which shall be both secure and provide an environment for productive meetings.  To the extent that only one lawyer can safely meet in person, the clerk of the court, or her designees, shall work with the United States Marshal to provide simultaneous video access to the other lawyer.  As all parties, including the local jail, are concerned with the spread of the coronavirus, all persons (defendants, counsel, deputy marshals and court staff) shall adhere to COVID-19 protocols including social distancing and the wearing of masks.  For security reasons, the details of these visits shall be kept

---

[1] The 2020 presidential election has also occurred since the oral argument.  As discussed during the hearing, a change in Administration is yet another reason not to rush a recommendation as the new Administration will make the final decision on whether to pursue the death penalty.

in confidence between each defense team, the United States Marshal Service, and any necessary court staff.  Counsel shall also keep a log of the visits.

Given the lack of contact visits, the Court is not inclined to impose an arbitrary deadline for each defendant to submit his mitigation submission to the United States Attorney.  The parties are ordered to meet and confer and to file a proposed schedule by **January 15, 2021**.  If the parties cannot agree on a schedule, then competing schedules shall be filed *in one joint document.*  Each party may attach to the joint submission any argument for their proposed schedule which shall not exceed five pages.  By the referenced date, and given the in-person access to the defendants, the Court will be in a better position to make a reasoned decision.

Finally, due to anticipated changes in the Court's calendaring of hearings for criminal cases, the Wednesday, January 27, 2021 status conference is rescheduled to **Monday, February 1, 2021 at 3:00 p.m.**

This terminates Docket No. 38.

**IT IS SO ORDERED.**

Dated: November 11, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

cc:  Donald O'Keefe, United States Marshal
     Susan Soong, Clerk of the Court

United States District Court
Northern District of California

6