JAMES S. THOMSON
California SBN 79658
WILLIAM S. KIRKLAND
California SBN 339980
Attorneys and Counselors at Law
732 Addison Street, Suite A
Berkeley, California 94710
Telephone: (510) 525-9123
Facsimile:  (510) 525-9124
Email: james@ycbtal.net
Email: will@ycbtal.net

Attorneys for Defendant
STEVEN CARRILLO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No. 4:20-cr-00265 YGR** |
| Plaintiff, | |
| vs. | **STEVEN CARRILLO'S SUPPLEMENTAL SENTENCING MEMORANDUM IN SUPPORT OF IMPOSITION OF THE AGREED-UPON SENTENCE** |
| STEVEN CARRILLO, | |
| Defendant. | **Date: June 3, 2022** <br> **Time: 10:30 A.M.** |
| | Judge: Hon. Yvonne Gonzalez Rogers |

Steven Carrillo submits this supplemental sentencing memorandum in support of the Court's imposition of the sentence agreed upon by the parties in the Plea Agreement.[1] This supplemental memorandum addresses an issue that has not been directly addressed in the parties' sentencing memoranda, but may have been indirectly raised by the

---

[1] On May 19, 2022, Mr. Carrillo submitted a sentencing memorandum and exhibits to the Court with a request to file the materials under seal.

*U.S. v. Carrillo*, N.D. Cal. Case No. 4:20-CR-265 YGR
Supplemental Sentencing Memorandum in Support of Agreed-Upon Sentence

1

1  discussion of primary jurisdiction in the government's memorandum.  Doc. #148 at 5.
2  Namely, it addresses whether, pursuant to the Plea Agreement, the sentence in this case
3  may be imposed to run concurrently or consecutively to any state sentence that may be
4  imposed in *People v. Steven Carrillo*, Santa Cruz County Superior Court, Case No.
5  20CR02599.

6  **I.     TERMS OF THE PLEA AGREEMENT**

7         In this case, the parties negotiated and entered into a Plea Agreement pursuant to
8  Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  Doc. #128.  The parties
9  agreed to a sentence of 41 years imprisonment, a lifetime term of supervised release and
10 restitution.  *Id*., ¶¶ 8, 18.  Mr. Carrillo agreed that "this Agreement contains all of the
11 promises and agreements between the government and me, and I will not claim otherwise
12 in the future."  *Id*., ¶ 14.

13        The Plea Agreement does not contain any provision as to whether the sentence
14 shall run concurrent or consecutive to any anticipated state sentence, nor any provision as
15 to whether the Court shall retain discretion to make such a determination if it accepts the
16 agreement.  Simply put, the agreement does not address or reference any state sentence.

17 **II.    RULE 11(c)(1)(C) CONSTRAINS THE COURT'S DISCRETION TO MAKE
         A CONCURRENT/CONSECUTIVE DETERMINATION AS TO ANY
18       ANTICIPATED STATE SENTENCE.**

19        As a general matter, district courts have discretion to order that a federal sentence
20 run concurrently or consecutively to an anticipated state sentence.  *Setser v. United States*,
21 566 U.S. 231, 235-43 (2012).  Sentencing judges have long had discretion under the
22 common law to impose sentences that run concurrently or consecutively to other
23 sentences.  *Id*.  In *Setser*, the Supreme Court held that this discretion extends to state
24 sentences that have not yet been imposed.  *Id*.

25        However, Rule 11(c)(1)(C) constrains the exercise of this discretion.  Plea
26 agreements pursuant to Rule 11(c)(1)(C) require the district court to impose the sentence
27 as negotiated by the parties and set forth in the agreement.  *See* Fed. R. Crim. P.
28 11(c)(1)(C); *see also, e.g.*, *United States v. Lewis*, 633 F.3d 262, 270-72 (4th Cir. 2011)

*U.S. v. Carrillo*, N.D. Cal. Case No. 4:20-CR-265 YGR
Supplemental Sentencing Memorandum in Support of Agreed-Upon Sentence

2

(vacating district court's judgment that the sentence run consecutively to the defendant's previously imposed state sentence because the Rule 11(c)(1)(C) plea agreement specified that the sentence would be served concurrently); *United States v. Whitelaw*, 580 F.3d 256, 258 (5th Cir. 2009) (district court interpreted government's oral agreement to recommend that the sentence run concurrently with the defendant's previously imposed state sentence as a plea agreement under Rule 11(c)(1)(C), from which the defendant "would be allowed to withdraw if it did not order that his sentence run concurrently with his state court sentence").

Here, the parties negotiated and entered into a Rule 11(c)(1)(C) agreement that sets forth the agreed-upon sentence. The agreement does not address or reference any anticipated state sentence. For the Court to order that the sentence be served consecutively to any anticipated state sentence would be to impose a sentence beyond that agreed-upon by the parties. For the same reason, the parties may not argue that the Court order that the sentence run concurrently or consecutively to any anticipated state sentence because they did not reserve the right to do so.

Although *Setser* holds that district courts generally have discretion to order that a sentence run concurrently or consecutively to an anticipated state sentence, they are not required to exercise this discretion.[2] *See, e.g.*, *United States v. Millan-Sanchez*, 680 F. App'x 638 (9th Cir. 2017) (unpublished) (rejecting argument that the district court was required to make a concurrent/consecutive determination); *United States v. Lynn*, 912 F.3d 212, 216-19 (4th Cir. 2019) (finding no abuse of discretion where "the [district] court recognized its discretion to order the sentence to run concurrently, but simply declined to exercise its discretion after considering the required factors," including that it "lacked adequate information" to "exercise its power to impose a concurrent or consecutive sentence intelligently").

---

[2] Notably, the plea agreement in *Setser* was not entered pursuant to Rule 11(c)(1)(C). *See* Doc. #24, *United States v. Setser*, N.D. Tex. Case No. 08-CR-024-C (filed May 22, 2008).

*U.S. v. Carrillo*, N.D. Cal. Case No. 4:20-CR-265 YGR
Supplemental Sentencing Memorandum in Support of Agreed-Upon Sentence

Indeed, 18 U.S.C. § 3584 "plainly contemplates that there will be situations where the district court does not order its sentence to be concurrent or consecutive." *Milan-Sanchez*, 680 F. App'x at 639 (citing *Setser*, 566 U.S. at 239-40). The statute creates presumptions that apply in two such situations. *See* 18 U.S.C. § 3584(a).

> Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 3584(a).

The precise situation here—where there may be a state sentence imposed in the future—is not covered by the statute. *Setser*, 566 U.S. at 234-35. However, the Fourth and Sixth Circuits have addressed this situation. *See Mangum v. Hallembaek*, 824 F.3d 98, 102-03 (4th Cir. 2016); *Dotson v. Kizziah*, 966 F.3d 443, 445-46 (6th Cir. 2020). These courts held that the district court's silence does not give rise to a presumption that the federal sentence should run consecutively to the later-imposed state sentence. *See Hallembaek*, 824 F.3d at 102-03; *Dotson*, 966 F.3d at 445-46..1.

In sum, although the Court generally enjoys discretion to make a concurrent/consecutive determination as to anticipated state sentences, the Court is not required to exercise it. The Rule 11(c)(1)(C) Plea Agreement in this case, if accepted, constrains the exercise of this discretion because it requires the Court to impose the agreed-upon sentence, which does not address or reference any state sentence.

### III. ALTERNATIVELY, IF THE COURT RETAINS DISCRETION TO MAKE THE CONCURRENT/CONSECUTIVE DETERMINATION AND IS INCLINED TO EXERCISE IT, A CONCURRENT SENTENCE IS WARRANTED.

Alternatively, if the Court concludes that it retains discretion to make the concurrent/consecutive determination and that the parties may submit arguments to guide this determination, Mr. Carrillo's defense submits that the Court should order that the 41-year sentence be imposed to run concurrently to any anticipated state sentence.

*U.S. v. Carrillo*, N.D. Cal. Case No. 4:20-CR-265 YGR
Supplemental Sentencing Memorandum in Support of Agreed-Upon Sentence

4

18 U.S.C. § 3584(b) calls for the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) in making a concurrent/consecutive sentencing determination. Among the section 3553(a) factors are the need for the defendant to be adequately punished and deterred from future criminality, the kinds of sentences available, and any pertinent policy statements by the Sentencing Commission.

In the wake of *Setser*, a new provision, section 5G1.3(c), was added to the Sentencing Guidelines to guide district courts' exercise of their discretion to impose federal sentences to run concurrently or consecutively to anticipated state sentences. U.S.S.G. App. C Suppl., amend. 787. It provides that "if a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . ., the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." The Application Note explains:

> Subsection (c) applies to cases in which the federal court anticipates that, after the federal sentence is imposed, the defendant will be sentenced in state court and serve a state sentence before being transferred to federal custody for federal imprisonment. In such a case, where the other offense is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

U.S.S.G. § 5G1.3, Application Note 3.

Here, if the Court were to find any conduct charged in the state case to be relevant conduct for sentencing purposes in this case, section 5G1.3(c) would apply. *See* Revised Presentence Investigation Report, Doc. #147 at 33. And, it would call for the sentence to run concurrently to any sentence in the state case.

Moreover, a concurrent sentence would be warranted under the section 3553(a) factors for the reasons discussed in Mr. Carrillo's Sentencing Memorandum at pages 66 to 81. A concurrent sentence would be "sufficient, but greater than necessary" to accomplish the goals of sentencing. 18 U.S.C. § 3553(a). By contrast, a consecutive sentence would be greater than necessary to accomplish these goals.

*U.S. v. Carrillo*, N.D. Cal. Case No. 4:20-CR-265 YGR
Supplemental Sentencing Memorandum in Support of Agreed-Upon Sentence

5

## IV. CONCLUSION

In sum, if the Court accepts the Plea Agreement in this case, Rule 11(c)(1)(C) requires the Court to impose the agreed-upon sentence. Because that sentence does not address or reference any state sentence, the sentence may not be imposed to run concurrently or consecutively to any anticipated state sentence.

Alternatively, if the Court retains discretion to make a concurrent/consecutive determination and were inclined to exercise it, U.S.S.G. § 5G1.3(c) calls for the Court to impose the sentence to run concurrently with any state sentence imposed based on any conduct deemed to be relevant conduct for sentencing purposes in this case. A concurrent sentence would be warranted under the 18 U.S.C. § 3553(a) sentencing factors.

DATED: June 1, 2022                              Respectfully submitted,

/s/ James Thomson

JAMES THOMSON
WILL KIRKLAND
Attorneys for Steven Carrillo

*U.S. v. Carrillo*, N.D. Cal. Case No. 4:20-CR-265 YGR
Supplemental Sentencing Memorandum in Support of Agreed-Upon Sentence

6